# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

UNITED STATES OF AMERICA,       )
                                )
v.                              )       Case No. CR414-415
                                )
ANTONIO FRANKLIN JOHNSON,        )
                                )
        Defendant.              )

## REPORT AND RECOMMENDATION

Defendant Antonio Johnson moves to suppress all evidence seized

by the police following a stop of his vehicle on September 3, 2014.[1]  Doc.

43.  Johnson contests the propriety of the stop and the ensuing searches

---

[1] Defendant filed his motion to suppress some 39 days after the deadline for filing pretrial motions.  *Compare* doc. 10 (setting motions deadline as December 29, 2014), *with* doc. 43 (filed on February 6, 2015).  He points to no new facts or evidence that came to light after the motions deadline, much less any new legal authority.  And at the hearing, his lawyer conceded that no viable legal issue arose from the discovery provided to him.  Rather, defendant simply wanted to contest the seizure of evidence before entering into plea negotiations with the government.  Counsel therefore filed the present motion, seemingly only to placate defendant.

Fed. R. Crim. P. 12(c) grants district courts authority to set a deadline for pretrial motions.  Failure to file motions within the deadline waives the right to assert the motion unless the Court grants leave upon a showing of cause.  *See United States v. Salom*, 349 F. App'x 409, 411 (11th Cir. 2009); *United States v. White*, 2009 WL 3486057, at *5 (S.D. Ga. Oct. 27, 2009).  No cause has been shown here.  Nevertheless, the Government did not move to dismiss on these grounds.  While the Court therefore will reach the merits of the motion, counsel is warned *not* to file untimely motions, or elevate the legally indefensible wishes of a client above counsel's obligations to the Court.

of both his person and vehicle. *See id.* at 1.

At the suppression hearing, the Court heard testimony from Officer (now Deputy) Chris Tucker [2] and Officer Bryan Harrell of the Savannah-Chatham Metropolitan Police Department ("SCMPD"). Around noon on September 3, 2014, the officers were patrolling the Carver Village neighborhood when they observed Johnson driving his vehicle without wearing a seatbelt, in violation of O.C.G.A. § 40-8-76.1. Tucker pulled his patrol car behind defendant and at that point noticed that the license plate on his vehicle was obscured by a tinted tag cover, in violation of O.C.G.A. § 40-2-41. The officers then initiated a traffic stop.

After ordering Johnson to remain in his vehicle, Officer Tucker approached the driver's side window, at which time he smelled the strong odor of unburnt marijuana. Tucker also observed flecks of a green plant-like material on defendant's shirt. As Johnson produced his license and documentation, Tucker noticed that Johnson's hands were shaking and asked him if he was okay. Johnson explained his trembling hands by stating that he had asthma. After ordering defendant out of the

---

[2] Tucker, who was Savannah police officer in 2014, is currently employed as a deputy by the Pickens County, Georgia Sheriff's Department.

car, Tucker inquired whether he had any weapons on him; defendant responded by looking down furtively and stating, "uh, no." Defendant then stated adamantly that Tucker was not going to search his person or vehicle. Concerned for his safety, Tucker ordered defendant to place his hands on the roof of his vehicle and proceeded to pat him down. When he touched Johnson's front pocket, he felt a bag and immediately detected a whiff of marijuana.

Tucker then had Officer Harrell place defendant in handcuffs. Only then did Tucker seize the contents of Johnson's pocket, which, as suspected, contained marijuana. At that point, Tucker placed Johnson under arrest. Because the officers continued to smell marijuana emanating from the vehicle, they searched it and found both a handgun under the driver's seat and a large bag of marijuana in a compartment connecting the back seat to the trunk.

Johnson has tendered an affidavit attesting that: (1) he was wearing his seat belt prior to the stop, and (2) his vehicle's tag was not obscured. Doc. 44. Johnson did not testify at the suppression hearing, however. The Court finds Officers Tucker and Harrell to be believable and fully

3

credits their testimony. The facts developed at the suppression hearing fail to establish any violation of defendant's Fourth Amendment rights.

The police may stop a vehicle when there exists probable cause to believe a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 809 (1996). The officers stopped Johnson because: (1) at noon on a clear day they clearly observed that he was not wearing a seat belt; and (2) they could not read Johnson's license plate because of a tinted plate cover. Georgia law requires that all motorists use seatbelts, O.C.G.A. § 40-8-76-1, and that only "colorless and transparent" material be placed over a license plate. O.C.G.A. § 40-2-41. Either observation by the officers "furnished legitimate grounds to initiate the traffic stop." *United States v. Jackson*, 2006 WL 3479063 at * 2 (S.D. Ga. Nov. 30, 2006).

Tucker's frisk of defendant's person also was justified. "Whenever an individual has been lawfully seized by police," such as during a traffic stop, "he may be subjected to a frisk where officers reasonably believe that he poses a danger to the officers or others nearby." *Id.* at *3 (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)); *see also United States v. Purcell*, 236 F.3d

4

1274, 1277 (11th Cir. 2001). Here, Tucker smelled and saw what he believed to be unburnt marijuana after he approached Johnson's vehicle. That observation, when coupled with Johnson's nervousness and evasive response to questioning about the presence of weapons, furnished Tucker with ample justification to conduct a *Terry* frisk. *See United States v. Lawton*, 2011 WL 4894116 at * 1 (S.D. Ga. Aug. 30, 2011).

Finally, the officers lawfully searched Johnson's vehicle after placing him under arrest. Upon discovering marijuana on Johnson's person and continuing to smell it wafting from his car after placing him under arrest, the officers had reasonable grounds to believe that contraband remained the vehicle. *See United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991) (en banc) (finding that the smell of marijuana gives rise to probable cause). And because an operational vehicle's inherent mobility furnishes the necessary exigent circumstances to justify a warrantless search based on probable cause, the officers did not offend the Fourth Amendment by entering and searching defendant's car. *See United States v. Tamari*, 454 F.3d 1259, 1261 (11th Cir. 2006); *United States v. Forker*, 928 F.2d 365, 369 (11th Cir. 1991).

The seizure of marijuana from Antonio Johnson's person, as well as the seizure of marijuana and a gun from his vehicle, violated none of his constitutional rights. Accordingly, his motion to suppress is without merit and should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 20th day of May, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA