# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ANTONIO FRANKLIN JOHNSON,    )
                             )
    Movant,                  )
                             )
v.                           )      CV417-055
                             )      CR414-415
UNITED STATES OF AMERICA,    )
                             )
    Respondent.              )

## **REPORT AND RECOMMENDATION**

Guilty plea-convicted of possession of a firearm as a convicted felon, Antonio Franklin Johnson seeks to vacate his sentence based on counsel's alleged ineffectiveness at sentencing. Docs. 91 & 92; [1] *see* docs. 72 (plea agreement); 74 (judgment for 120 months' imprisonment); 89 & 90 (mandate and order of the Eleventh Circuit affirming Johnson's sentence); *United States v. Johnson*, 654 F. App'x 427 (11th Cir. 2016) (affirming judgment). Johnson's Presentence Investigative Report (PSR) provided for several adjustments for possession of a stolen firearm, prior felony convictions, and possession of a firearm in

---

[1] The Court is citing to the criminal docket in CR414-415 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

connection with another felony offense. He contends counsel was deficient for, among other things, failing to object to these enhancements and failing to argue for a lower sentence or disputing the Government's "breach" of the plea agreement by applying these enhancements. Doc. 92 at 24-13.

Johnson contends that his attorney should have contested the application of U.S.S.G. § 2K2.1(b)(4)(A), which provides for a two-level offense level increase for a firearms offense "if any firearm . . . was stolen." Doc. 92 at 3; *see* PSR at ¶ 14 (the firearm Johnson possessed "had been previously reported stolen in the state of South Carolina."). Because, he argues, the Government didn't prove that he knew the firearm was stolen, the enhancement was improperly applied. Doc. 92 at 3. But the adjustment "applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen." U.S.S.G. § 2K2.1, comment (n.8(B)). And counsel cannot be deficient for failing to make a losing argument. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (there is no "constitutional right to compel appointed counsel to press [even] nonfrivolous points"); *Diaz-Boyzo v. United States*, 294 F. App'x 558, 560 (11th Cir. 2008) (counsel is not ineffective for failing to pursue

a "nonmeritorious issue"); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (same).

Johnson also argues that his base offense level should not have been increased at sentencing under U.S.S.G. § 2K2.1(a) based on his prior convictions for assault with a deadly weapon in North Carolina (PSR at ¶ 25) and possession of cocaine with intent to distribute in Georgia (PSR at ¶ 27). PSR at ¶ 13. He contends the Court failed to identify with specificity what offenses it considered prior "crimes of violence" or "controlled substance offenses" (doc. 92 at 8-9) -- it didn't. Doc. 81 at 11-12 (sentencing hearing transcript, adopting findings of PSR as the Court's own). He also argues counsel should have disputed the enhancement based on the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the "residual clause" of the Armed Career Criminal Act to be unconstitutionally vague) because the Court would have declined to increase his base offense level (doc. 92 at 9) -- it wouldn't have. The holding of *Johnson* does not apply to the Sentencing Guidelines, *Beckles v. United States*, 137 S. Ct. 886 (2017), and thus had no effect on movant's sentence. Counsel was not deficient for declining to raise those meritless arguments either. *Jones*, 463 U.S.

at 751; *Diaz-Boyo*, 294 F. App'x at 560; *Winfield*, 960 F.2d at 974.

Movant next disputes counsel's failure to object to the two-point increase in offense level under U.S.S.G. § 2K2.1(b)(6)(B) because the firearm he possessed was used "in connection with another felony offense." Doc. 91 at 11-12; *see* PSR at ¶ 15 (because he was pulled over and found possessing both a bag of marijuana and the pistol, the adjustment was applied for "possess[ing] the firearm named in the count of conviction in connection with the possession of a felonious quantity of mari[j]uana."); doc. 81 at 11-12 (adopting factual findings of the PSR as the Court's own). He argues that "marijuana possession does not fit [the § 2K2.1(b)(6)(B)] definition and thus could not be considered for enhancement purposes" (doc. 92 at 12). But it does. *See* U.S.S.G. § 2K2.1, comment (n.14(C)) (defining "another felony offense" to mean "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."); O.C.G.A. § 16-13-30(j) (providing for at least one year -- and up to 10 years -- imprisonment for possession of marijuana); *United States v. Wooten*, 253 F. App'x 854, 857-58 (11th Cir. 2007) (no clear error in finding that

shotgun in trunk of car facilitated possession of marijuana in passenger compartment). Again, counsel's failure to pursue a losing argument did not render his representation deficient. *Jones*, 463 U.S. at 751; *Diaz-Boyo*, 294 F. App'x at 560; *Winfield*, 960 F.2d at 974. [2]

Movant then contends counsel failed to competently argue for a lower sentence under 18 U.S.C. § 3553(a) based on his acceptance of responsibility, military service and post-traumatic stress disorder, college education, support network, lack of criminal history, and medical history (which could have excused his possession of marijuana) (doc. 92 at 5-6). But counsel wasn't deficient. In fact, Johnson's attorney argued at sentencing that he was a veteran, needed the marijuana to treat his chronic pain complaints, and even called a Veterans' Administration employee to the stand to testify on Johnson's behalf. Doc. 81 at 15-23. Counsel also argued that Johnson was "not a

---

[2] Johnson argued at sentencing, and again here, that he hadn't known the firearm was in the car when he was pulled over. Doc. 81 at 6-7; doc. 92 at 13-14. Because there was no evidence that he possessed the firearm while "simultaneous[ly]" engaged in the possession of marijuana, the adjustment should not have been applied. Doc. 92 at 13. The Court fully considered, and rejected, this argument, declining to credit Johnson's argument that he would drive around in his own car with a pound of marijuana without knowing the gun he purchased and had carried with him on prior occasions was under his seat. Doc. 81 at 6-7. Counsel's failure to beat a dead horse sufficient to movant's liking simply does not render his performance deficient. *Diaz-Boyo*, 294 F. App'x at 560; *Winfield*, 960 F.2d at 974.

5

drug dealer," was "gainfully employed" at the time he was arrested, and had "accepted responsibility." *Id.* at 13. He then asked the Court to impose a sentence below the statutory maximum, *id.* at 14, but the Court declined to do so. Counsel's failure to press an argument fully considered, and rejected, by the Court is simply not deficient. *Jones*, 463 U.S. at 751; *Diaz-Boyo*, 294 F. App'x at 560; *Winfield*, 960 F.2d at 974.

Finally, Johnson argues that counsel's failure to warn him of the stolen-firearm adjustment renders his guilty plea unknowing and involuntary (doc. 92 at 4) -- it doesn't. The Court specifically asked Johnson whether he understood that he could be sentenced up to 10 years' imprisonment regardless of his attorney's estimates, and he affirmed he understood. Doc. 80 at 17-18. He also affirmed that he understood that he would be bound by his plea even if the sentence was higher than he expected or higher than his attorney had predicted[3]

---

[3] Johnson also argues that the Government breached its plea agreement by increasing his offense level based on the stolen firearm used in connection with another crime. Doc. 92 at 4, 13. But there was *no promise* made that guaranteed any sentence or any base offense level in the plea agreement, and thus there was nothing to breach. *See* doc. 72 (plea agreement) at 2-3 (affirming Johnson's understanding that "[n]o one has promised [him] that the Court will impose any particular sentence or a sentence within any particular range," and that the "government is free to

6

based on the Sentencing Guidelines. *Id.* at 17-20. Johnson's buyer's remorse that the sentence ended up being higher than he hoped does not render counsel's performance deficient or his plea involuntary.

More importantly, counsel's performance resulted in a plea agreement for a 120-month sentence -- decades shy of the potential *life* sentence he could have received if convicted on all counts in the indictment. *See* PSR at ¶ 56. Though he may not have appreciated fully counsel's effective advocacy at the time, and may feel his sentence is unfairly harsh, Johnson actually received the full benefit of counsel's expertise in getting a capped sentence. His claim that counsel was deficient is plainly without merit.

Accordingly, Antonio Franklin Johnson's § 2255 motion should be **DENIED**.[4] For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R.

---

provide full and accurate information to the Court . . . for use in calculating the applicable Sentencing Guidelines range.").

[4] Because his motion is entirely without merit and his contentions are unambiguously contradicted by the record, his request for an evidentiary hearing (doc. 92 at 15) is **DENIED**. *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [movant]'s § 2255 motion.").

App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this   10th   day of August, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA